# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SMOKIN SCIENCE, LLC** | : |
| | :    No. |
|      **Plaintiff,** | : |
| v. | : |
| | :    Jury Trial Demanded |
| **K. HANSOTIA & CO., INC.** | : |
| | : |
|      **Defendant.** | : |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Smokin Science, LLC, by and through its counsel, for its Complaint for Declaratory Judgment, alleges the following:

### Parties, Jurisdiction and Venue

1. Plaintiff Smokin Science, LLC (hereinafter "Smokin Science") is a limited liability company organized under the laws of the Commonwealth of Pennsylvania, having its principal place of business at 5583 Rosevelt St., Whitehall, PA 18052.

2. Upon information and belief, defendant K. Hansotia & Co, Inc. (hereinafter "KHC") is a corporation organized and existing under the laws of the State of Florida, having its principal office and place of business at 6600 Hiatus Road, Tamarac, Florida 33321.

3. This is an action for declaratory judgment of non-infringement and non-dilution of trademark rights under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. An actual justiciable controversy exists between plaintiff and defendant that

warrants the issuance of a judgment declaring that the plaintiff Smokin Science, by its use in interstate commerce the terms EVIL GENIUS, EVIL GENIUS CIGARS, and composite variations thereof including other terms and design elements, has not infringed, diluted, or otherwise violated the trademark rights of, or otherwise unfairly competed with, defendant, either under the U.S. Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1051 *et seq.* or applicable state law.

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338 and 2201.

5. Upon information and belief, this Court has personal jurisdiction over defendant in that defendant advertises and promotes its business in the Commonwealth, and defendant's acts will result in harm to plaintiff's interests in the district.

6. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the relevant events giving rise to the claim occurred in this District, and defendant directed its assertions and demands, which give rise to the Complaint, to Smokin Science within the District.

**Factual Allegations**

7. Plaintiff, Smokin Science is in the business of producing, marketing and selling cigars under the terms EVIL GENIUS, EVIL GENIUS CIGARS and composite variations thereof including other terms and design elements (hereinafter the "EVIL GENIUS Marks"). Exhibit 1  The core philosophy associated with the EVIL GENIUS CIGAR brand is unleashing the evil genius in you.  Smokin Science 's EVIL GENIUS

CIGARS encourages customers to unleash their evil geniuses. Smokin Science's definition of an evil genius is something that makes one think differently, encourages one's creativity, sparks one's imagination, forces one's originality, and ultimately makes one unique.  Exhibit 2  Additional information concerning Smokin Science and its EVIL GENIUS CIGAR brand is available online at www.*evilgeniuscigars.com*.

8. Plaintiff Smokin Science produces, advertises and sells cigars under the EVIL GENIUS Marks.  *See, e.g*. Exhibit 1, and www.evilgeniuscigars.com.

9. Plaintiff Smokin Science owns United States Trademark Registration No. 4,806,737 for cigars sold under the mark EVIL GENIUS (hereinafter, plaintiff's EVIL GENIUS Registration).  Exhibit 3

10. Defendant claims ownership of United States Trademark Registration No. 4,335,211 for cigars and cigar lighters sold under the mark EVIL (hereinafter, the '211 Registration).  Exhibit 4

11.  The mark of defendant's '211 Registration does not contain the word GENIUS.  Exhibit 4

12.  Defendant also claims ownership of United States Trademark Registration No. 4,342,792 for cigars sold under the mark PURE EVIL (hereinafter, the '792 Registration).  Exhibit 5

13.  The mark of defendant's '792 Registration does not contain the word GENIUS.  Exhibit 5

14. Plaintiff Smokin Science's EVIL GENIUS Marks (including plaintiff's EVIL GENIUS Registration) do not contain the term PURE that is recited in defendant's '792 Registration. See Exhibit 1

15. On April 30, 2016, Kazid Hansotia, CEO of defendant KHC, approached a representative of Smokin Science and asserted that that he owns the rights to any and all use of the word Evil for cigar branding. Exhibit 6

16. Defendant's registrations do not provide plaintiff with a monopoly over any and all use of the term EVIL for cigars and related goods and services.

17. On May 26, 2016, defendant, through counsel, sent correspondence to Smokin Science asserting that Smokin Science's use of its EVIL GENIUS Marks, infringes upon defendant's federal rights, which include the '211 Registration for EVIL and the '792 Registration for PURE EVIL. Exhibit 7

18. The May 26, 2016 correspondence demanded that Smokin Science cease and desist using the EVIL GENIUS CIGARS mark. Exhibit 7

19. Smokin Science did not cease and desist using, and continues to use its EVIL GENIUS Marks. Exhibit 6  Plaintiff Smokin Science has a reasonable apprehension that defendant will sue. Defendant's threats of infringement and demands to cease and desist are of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

20. Prior to current dispute, on July 23, 2014, plaintiff Smokin Science filed one (1) US trademark application for EVIL GENIUS CIGARS with the United States Patent and Trademark Office (USPTO) under Serial No. 86/345,537 (hereinafter the '537

application). A true and correct copy of USPTO records identifying the '537 application is attached hereto as Exhibit 8.

21. At the USPTO, the '537 application was assigned to and examined by an Examining Attorney.  Exhibit 9

22. When examining the '537 application, the Examining Attorney was aware of defendant's existing trademark registrations ('211 Registration for EVIL and the '792 Registration for PURE EVIL).  Exhibit 9 includes a search reviewed by the Examining Attorney of registered marks and pending applications that contain the term EVIL.

23. The '537 application of Smokin Science was allowed by the Examining Attorney in view of defendant's trademark registrations.  An office action states "The trademark examining attorney has searched the Office's database of registered and pending marks and has found no conflicting marks that would bar registration under Trademark Act Section 2(d). TMEP §704.02; see 15 U.S.C. §1052(d)."  Exhibit 9

24. Exhibit 10 is a Registration Certificate dated September 8, 2015 for the EVIL GENIUS CIGARS mark that was granted based on the underlying '537 application owned by Smokin Science.

25. Defendant's threats and demands made in the correspondence of May 26, 2016 create a controversy that is of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

26. Smokin Sciences's use of its EVIL GENIUS Marks is not an infringement of defendant's trademark registration No. 4,335,211 for EVIL, defendant's trademark registration No. 4,342,792 for PURE EVIL, or any alleged unregistered marks.

27. Smokin Science's use of its EVIL GENIUS Marks is not a dilution of defendant's trademark registration trademark registration No. 4,335,211 for EVIL, defendant's trademark registration No. 4,342,792 for PURE EVIL, or any alleged unregistered marks. In addition, defendant's marks are not famous.

## COUNT I

### Declaration of Non-Infringement

28. Plaintiff hereby re-alleges, as if fully set forth herein, the allegations of paragraphs 1-27, inclusive of this Complaint.

29. Smokin Science's use of its EVIL GENIUS Marks results in no reasonable likelihood of confusion as to sponsorship, licensing or source between Defendant's registered or unregistered trademarks.

30. Smokin Science's use of the its EVIL GENIUS Marks does not infringe or otherwise violate Defendant's alleged trademarks or other intellectual property rights.

## COUNT II

### Cancellation of Registration No. 4,335,211 for EVIL for Fraud and/or Abandonment

31. Plaintiff hereby re-alleges, as if fully set forth herein, the allegations of paragraphs 1-30, inclusive of this Complaint.

32. Defendant is the owner of U.S. Trademark Registration No. 4,335,211 registered on May 14, 2013 for EVIL for cigars and cigar lighters in class 34. Exhibit 4

33. Plaintiff Smokin Science believes it has been and will continue to be damaged by Defendant's Registration No. 4,335,211 and hereby claims for cancellation of said Registration pursuant to 15 USC §§ 1064, 1119.

34. Upon information and belief, Defendant, in the course of obtaining its Registration No. 4,335,211, made knowingly false or fraudulent statements to the United States Patent and Trademark Office (USPTO), in particular, in a declaration dated March 1, 2013, which was filed with the USPTO on March 4, 2013.  Exhibit 11

35. In the declaration, defendant's Director Kaizad Hansotia declared:

"The Applicant is using the mark in commerce on or in connection with all of the goods or services identified in the Notice of Allowance (as modified herein) in this Application, namely, Cigars and cigar lighters in International Class 34."  Exhibit 11

36. The statements made by Kaizad Hansotia in the declaration were made with the intent to induce authorized agents of the USPTO to grant said 4,335,211 Registration, and reasonably relying on the truth of said false statements, the USPTO did, in fact, grant registration to defendant.

37. Upon information and belief, Defendant was not using the EVIL mark in commerce with cigar lighters at the time the declaration was made, and, upon information and belief, defendant has not and is not using the EVIL mark in commerce with cigar lighters.

38. At the time of filing the sworn declaration, KHC Director Hansotia had actual knowledge of the falsity of the sworn statements in that defendant was not selling cigar lighters under the EVIL mark.

39. In view of the knowingly false or fraudulent statements contained in the declaration, defendant is not entitled to continue its registration, and the registration must be canceled, since Kaizad Hansotia committed fraud in the procurement of the 4,335,211 Registration.

40. Moreover, defendant, by and through its Director Kaizad Hansotia, submitted a declaration in support of its trademark registration application that was signed fraudulently in that there was - as discussed herein - no use in commerce for the EVIL mark on cigar lighters at the time that said declaration was signed under penalty of perjury and submitted to the Patent & Trademark Office.

41. Defendant, in failing to disclose these facts to the Patent & Trademark Office, intended to procure a registration to which it was not entitled. Accordingly, defendant committed fraud in the procurement of its trademark registration and, as such, its trademark rights are unenforceable and subject to cancellation.

42. Accordingly, Plaintiff is entitled to the entry of judgment canceling defendant's U.S. Trademark Registration No. 4,335,211 for EVIL.

## COUNT III

## CIVIL LIABILITY FOR FALSE OR FRAUDULENT REGISTRATION; 15 U.S.C. § 1120

43. Plaintiff hereby re-alleges, as if fully set forth herein, the allegations of paragraphs 1-42, inclusive of this Complaint.

44. Plaintiff Smokin Science has suffered damage as a consequence of defendant's false or fraudulent registrtation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Smokin Science prays that this Court enter judgment against defendant as follows:

A. An order be entered declaring that Smokin Science's use of its EVIL GENIUS Marks is not likely to cause confusion with respect to, or likely to dilute, defendant's trademark registration No. 4,335,211 for EVIL, defendant's trademark registration No. 4,342,792 for PURE EVIL, or any other alleged trademark rights of Defendant.

B. For an order directing the United States Patent and Trademark Office to cancel defendant's Trademark Registration No. 4,335,211 for EVIL.

C. For Plaintiff's costs—and for attorneys' fees under Section 38 of the Lanham Act (15 U.S.C. § 1120)

D. Granting such other and further relief as this Court may deem just and proper.

Dated:  June 8, 2016

                              Respectfully Submitted,

                              RIDDLE PATENT LAW, LLC

                              By:       s/Charles L. Riddle/
                              Charles L. Riddle, Esq. (PA 89,255)
                              434 Lackawanna Ave.
                              Suite 200
                              Scranton, PA 18503
                              (570) 344-4439 p.
                              (570) 300-1606 f.
                              charles@charleslriddle.com

                              *Counsel for Plaintiff Smokin Science, LLC*